IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIM. NO. JKB-08-0424 |
| **DEONTE BOYD,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Deonte Boyd is presently serving a sentence of 180 months' imprisonment for possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841. (*See* ECF No. 27.) Boyd has served approximately 165 months of this sentence and has filed a Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act. (ECF No. 36.) The Government opposes this Motion, arguing that the factors set forth by 18 U.S.C. § 3553(a) do not support a reduction of Boyd's sentence. (ECF No. 39.) The Motion is fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Boyd's Motion will be DENIED.

### I. *Background*

Boyd's federal case has been heavily influenced by contemporaneous state proceedings for second-degree murder, which resulted in a 30-year sentence that Boyd is presently serving concurrently with his federal sentence. (*See* ECF No. 36 at 2); *see also* PSR ¶ 47. In his federal Plea Agreement, Boyd "stipulate[d] and agree[d] pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 180 months imprisonment . . . is the appropriate disposition of this case." (ECF No. 29 at 5.) This was in spite of the fact that Boyd's Sentencing Guidelines range for his federal offense of conviction was 120-150 months. (*Id.*)

1

At sentencing, Boyd's counsel explained that the reason he stipulated to an above-Guidelines sentence was because his Plea Agreement meant "that the government did not pursue a [§] 924(c) charge, which would have required a sentence consecutive to the state sentence." (*See* ECF No. 32 at 5.) Given this arrangement, the Court concluded that a sentence "30 months above the guidelines" was "entirely reasonable" and adopted the parties' stipulated sentence, with the 180 months to be served concurrently with Boyd's state sentence. (*Id.* at 7–8.) The Court also recommended that the Bureau of Prisons designate Boyd to serve his federal sentence in the state facility. (*Id.* at 8; *see also* ECF No. 27 at 2.)

On January 5, 2022, Boyd moved for a reduction of his federal sentence pursuant to Section 404 of the First Step Act seeking a revised sentence of time served. (*See* ECF No. 36 at 8.) Due to his state sentence, the functional effect of this reduction would be limited to removing Boyd's federal detainer while he continues to serve his state sentence, which has a projected release date of August 13, 2027. (*Id.* at 2.)

## *II.* *Legal Standard*

"The First Step Act provides that a sentencing court 'may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.'" *United States v. Wirsing*, 943 F.3d 175, 180 (4th Cir. 2019) (quoting First Step Act § 404(b), 132 Stat. at 5222). A "covered offense is a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 [and] that was committed before August 3, 2010." *Id.*

Even where a defendant's offense qualifies for a sentencing reduction under Section 404, "the decision whether to grant any reduction under the Act 'is entrusted to the district court's

discretion.'" *United States v. Webb*, 5 F.4th 495, 498 (4th Cir. 2021). In exercising this discretion, "a court must [ ] 'consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the 18 U.S.C. § 3553(a) factors, determine whether a given sentence remains appropriate in light of those factors, and adequately explain that decision.'" *Id.* (quoting *United States v. Collington*, 995 F.3d 347, 360 (4th Cir. 2021)) (cleaned up). In particular, a district court must both "engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of 'intervening case law' . . . and a brief reconsideration of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Lancaster*, 997 F.3d 171, 175 (4th Cir. 2021) (internal quotation marks and citations omitted). In the latter inquiry, the Court may "take into account a defendant's conduct after his initial sentencing." *Id.* (citation omitted).

### III. *Analysis*

The parties here agree that Boyd's offense of conviction is a "covered offense" potentially eligible for a sentencing reduction under Section 404 of the First Step Act. (*See* ECF Nos. 36 at 3–4, 39 at 3 n.3.) Although the parties similarly agree on the substance of how Boyd's Sentencing Guidelines would recalculate under current law—providing for a recommended sentence of 84-105 months' imprisonment—they disagree on the impact of this lower Guidelines range on the Court's analysis. (*Compare* ECF No. 36 at 5 (calculating Guidelines range of 84 to 105 months and arguing this favors a sentence reduction), *with* ECF No. 39 at 5 (acknowledging change in Guidelines range but arguing these revisions are not relevant in this case).) They likewise disagree on whether the § 3553(a) factors support a sentence reduction. Having considered these arguments, the Court concludes that a sentence reduction is not supported by the § 3553(a) factors when viewed in light of the unique facts of this case.

3

### *A. Change in Guidelines Range*

Although the Government does not dispute Boyd's proffered recalculation of the Guidelines range, it argues that the impact of lowered a Sentencing Guidelines range in this case is minimal because it "asks this Court to assume a scenario where today's changes in sentencing were in place . . . but where the government did not seek the same 180 months sentence that it did in light of Boyd's clear desire to avoid a consecutive sentence." (ECF No. 39 at 5.) The Government describes this scenario as unrealistic, in particular because—in this hypothetical world—the Government could readily charge Boyd with offenses that would not only permit, but require, a 180-month sentence. (*See id.* 5–6.)

Boyd rejoins that other courts have rejected this use of "a prosecutor friendly 'way-back machine' to conjure how the charge, plea, and sentencing would have looked had the Fair Sentencing Act of 2010 been in effect" at the time of the original sentencing. *See United States v. Pierre*, 372 F. Supp. 3d 17, 22 (D.R.I. 2019); (*see also* ECF No. 40 at 2 (collecting cases).) This Court agrees. The speculative nature of the Government's counterfactual argument (which includes highly disfavored charges such as an 18 U.S.C. § 851 enhancement) counsels against guessing about how Boyd would have been charged had his offense taken place today. (*See* ECF No. 39 at 5–6); *United States v. Sappleton*, Crim. No. PJM-01-0284, 2021 WL 598232, at *3 (D. Md. Feb. 16, 2021) ("[S]ection 851 enhancements have generally become so disfavored that in 2016 they were applied in only five cases in this district—although more than half of drug-trafficking cases were eligible—making it highly unlikely that the enhancement would be applied at all if [the defendant] were tried today."). Rather, the Court's Section 404 analysis is limited to what did happen, and whether those facts support a sentence reduction under now-applicable

sentencing law. Accordingly, the Court concludes that changes in law have reduced the applicable Guidelines Sentencing range to 84 to 105 months' imprisonment.

### *B. Section 3553(a) Factors*

Despite the reduction in Boyd's Guidelines range, the Court concludes that the remainder of the § 3553(a) factors do not support a sentence reduction in this case. *See* 18 U.S.C. § 3553(a)(4)(A) (requiring courts to consider Guidelines range as one factor among several others in determining an appropriate sentence). The record in this case suggests that while the Guidelines range influenced the stipulated disposition, it did so in an attenuated fashion. Boyd's primary reason for stipulating to a 180-month sentence was to receive a sentence that would run concurrently to a 30-year state sentence by dismissing the charges that would have required the Court to impose consecutive sentences. (ECF No. 32 at 7.) Thus, Boyd's sentence seems to have been influenced not only by the offenses that were charged (and to which he pleaded guilty), but also by the offenses that were *not* charged as a result of a negotiated disposition. A review of the § 3553(a) factors confirms that such a sentence remains "sufficient, but not greater than necessary" to achieve the purposes set forth in § 3553(a), despite it now representing an even greater upward variance from the Guidelines recommendation. *See* 18 U.S.C. § 3553(a).

In particular, Boyd's substantial criminal record, which had escalated to murder at the same time he committed the instant federal offense, counsels heavily against a sentence reduction. Although Boyd pleaded guilty only to the drug offense charged in this case, he stipulated that he possessed a "Rossi model M885, .38 special revolver" as part of the charged offense, which resulted in a two-level upward adjustment for possession of a dangerous weapon. (*See* ECF No. 29 at 4.) Further, less than three weeks before the instant offense, Boyd committed an extremely violent murder—shooting the victim nine times in the head. PSR ¶ 48. These two offenses, for

which Boyd is presently serving concurrent state and federal sentences, are the most recent in a series of several other firearm and narcotics offenses in Boyd's past. *Id.* ¶¶ 26–48. Boyd's significant criminal history, which culminated in a gun-related homicide, is deeply troubling.

Boyd argues that this history of violence belies his current circumstances given his rehabilitation while incarcerated, which has included earning his GED, obtaining workforce training, and taking "an array of meaningful therapeutic programs, including Narcotics Anonymous and Thinking for a Change." (ECF No. 36 at 5.) Boyd contends that these recent efforts should be considered as a better predictor of future conduct than his past offenses, particularly given his age (23 years old) at the time of the instant offense. (*Id.*) While the Court credits Boyd's efforts to spend his time in prison productively, it finds that those efforts are insufficient to outweigh the concerns raised by Boyd's criminal record.

At bottom, considering the propriety of Boyd's original sentence through a conventional § 3553(a) analysis is complicated by the fact that his 180-month sentence was a solution negotiated by the parties in light of the circumstances presented by Boyd's parallel state and federal charges. That said, a consideration of those factors in the context of Boyd's case convinces the Court that they do not support a sentence reduction. At his original sentencing, Boyd stipulated to a substantial, concurrent federal sentence to avoid charges that would have required his federal sentence to run consecutively to his 30-year state sentence. (*See* ECF Nos. 29, 32 at 5.) The proceedings surrounding Boyd's plea agreement confirm that he was willing to accept a more substantial federal sentence than suggested by his crime of conviction in exchange for less time incarcerated once his state conviction was factored in. (*See* ECF No. 32 at 7.) Given this, as well as the balance of the § 3553(a) factors, the Court declines to exercise its discretion to revisit this negotiated resolution and provide Boyd with a sentence reduction. *See Wirsing*, 943 F.3d at 186

("Congress listed specific limitations in the First Step Act, including emphasizing district courts' discretion [in granting sentence reductions].").

## IV. Conclusion

For the foregoing reasons, Boyd's Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act (ECF No. 36) is DENIED.

DATED this 29 day of April, 2022.

BY THE COURT:

James K. Bredar
Chief Judge